**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SEBASTIAN CANGEMI,

    Plaintiff,
vs.                                                                        CASE NO.   3:13-cv-257-J-TEM

JAI GLOBAL, LLC, et al.,

    Defendants.
_____/

**O R D E R**

This case is before the Court on Defendants Lori Indriolo, RPH and Shannon B. Wygonik's Motion to Dismiss, filed May 23, 2013 (Doc. #15).  Plaintiff filed a Memorandum of Legal Authority in Opposition to Defendants' Motion to Dismiss on June 6, 2013  (Doc. #17).  After careful consideration of both parties' arguments, the relevant case law and the record as a whole, the Court concludes that Defendants' Motion to Dismiss is due to be **DENIED**.

    **I.**    **Background**

On March 8, 2013, Plaintiff filed his Complaint (Doc. #1) naming, amongst others, Lori Indriolo ("Indriolo") and Shannon B. Wygonik ("Wygonik") as Defendants (collectively, "Defendants").[1]  Plaintiff's Complaint consists of six claims.  *Id.*  Of these six claims, Claim Five: Unjust Enrichment ("Claim Five"), is the only claim that directly names Indriolo and Wygonik.  *Id.* at 9.  On May 23, 2013, Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. #16).  Also on May 23, 2013, Defendants filed the Motion to Dismiss on Behalf of Lori Indriolo, RPH and Shannon B. Wygonik ("Motion to Dismiss")

---

[1]Although there are multiple Defendants in the instant case, only Defendants Indriolo and Wygonik filed the Motion to Dismiss.

pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (Doc. #15).  In the Motion to Dismiss, Defendants contend that Claim Five of Plaintiff's Complaint did not state a cause of action against Defendants Indriolo and Wygonik.  *Id.* ¶ 1.  In particular, Defendants argue Plaintiff's Complaint failed to allege that any benefit was conferred upon Indriolo and Wygonik, which is required to state a claim for unjust enrichment.  *Id.* ¶ 2-3. Defendants also argue that Plaintiff's claim for unjust enrichment against Indriolo and Wygonik should be dismissed on the ground that Plaintiff's claim is premature under Florida law because Plaintiff has not exhausted all of his remedies against Defendant JAI Global, LLC ("JAI"), with whom Plaintiff alleges a direct contractual relationship.  *Id.* ¶ 4.

On June 6, 2013, Plaintiff filed a response, arguing that in his Complaint, Plaintiff alleged that a benefit was conferred upon Indriolo and Wygonik (Doc. #17 at 2-4).  Plaintiff also argues that Defendants relied on an inapplicable case to support the argument that Plaintiff must first exhaust his remedies against JAI.  *Id.* at 4-6.

**II.    Discussion**

When deciding a motion to dismiss, a court must accept all reasonable inferences from the complaint and consider all the allegations as true.  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  Furthermore, a court must view the allegations of the complaint in the light most favorable to the plaintiff.  *See* Fed. R. Civ. P. 12(b)(6); *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).  Although a plaintiff need not state in detail the facts upon which he bases his claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

### A. Plaintiff sufficiently alleged that a benefit was conferred upon Indriolo and Wygonik

Defendants argue that Claim Five for unjust enrichment should be dismissed because Plaintiff failed to allege that a benefit was conferred upon Indriolo and Wygonik. The Court disagrees. Under Florida law, to state a claim for unjust enrichment, a plaintiff must show that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant had knowledge of the benefit; (3) the defendant accepted or retained the conferred benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).[2]

In support of their contention, Defendants refer to Claim Five of Plaintiff's Complaint, particularly paragraph 51, which alleges that "Cangemi conferred a benefit upon both JAI and Khan/Clarity by introducing them to each other and devising a way that they could work together profitably" (Doc. #15 at 2). In analyzing paragraph 51, Defendants argue that Plaintiff's Complaint failed to allege that any benefit was conferred upon Indriolo and Wygonik. *Id.*

In his response, Plaintiff argues that since his Complaint alleged that Indriolo and Wygonik were co-owners of JAI, as opposed to mere employees or non-controlling stockholders, any benefit that was alleged to have been conferred on JAI is conferred on

---

[2] Where, as here, the Court exercises supplemental jurisdiction over state law claims, "state law governs substantive issues and federal law governs procedural issues." *McDowell v. Brown*, 392 F. 3d 1283, 1294 (11th Cir. 2004). "This principle extends to the forum state's conflicts of law rules[,]" and thus Florida's choice-of-law rules dictate the governing substantive law. *See LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997) (per curiam).

3

Indriolo and Wygonik (Doc. #17 at 2-4). To support his argument, Plaintiff cites *State Farm Mutual Automobile Insurance Co. v. Physicians Injury Care Center, Inc.*, which held that when individuals are owners and in effective control of a corporation, any benefit conferred on the corporation is necessarily conferred upon them in their individual capacity. 427 Fed. F. App'x 714, 722-23 (11th Cir. 2011). In that case, the defendants challenged the plaintiff's unjust enrichment claims against the defendants in their individual capacities. *Id.* The court concluded that since evidence showed defendants were the sole shareholders with many responsibilities, including administrative operations and hiring and training employees, claims for unjust enrichment against the individual defendants was warranted. *Id.*

Additionally, Plaintiff argues that since further findings regarding ownership are necessary in order for a determination to be made as to whether the individually named Defendants were unjustly enriched, Defendants are not entitled to judgment as a matter of law. Plaintiff cites *State Farm Fire & Casualty Co. v. Silver Star Health & Rehabilitation Inc.*, which held that since the defendants' ownership status was a disputed issue of material fact, the defendant was not entitled to judgment as a matter of law on an unjust enrichment claim. 2011 WL 6338496, at *7 (M.D. Fla. Dec. 19, 2011). The court in *State Farm Fire & Casualty Co.* acknowledged that if the defendant would have been paid in the form of a regular salary, then the defendant would not have benefitted directly any more than the average employee. *Id.* However, if the plaintiff's contention was correct, then the defendant would have received a sufficiently direct benefit. *Id.* Thus, since the nature of the defendant's income was a disputed issue of material fact, the plaintiff was not entitled to judgment as a matter of law. *Id.*

Upon review of Defendants' Motion to Dismiss and Plaintiff's response, the Court agrees with Plaintiff's case law and reasoning, and finds that Plaintiff's Complaint sufficiently alleged that a benefit was conferred upon Defendants. As in *State Farm Mutual Automobile Insurance Co.*, where the defendants were the only shareholders and heavily involved in their company, here, Plaintiff alleged that Defendant's were the only owners of JAI (Complaint, Paragraph 10-12). Additionally, Plaintiff did not allege that JAI was under any other ownership. Further, Defendants failed to cite any authority to support their proposition that, in analyzing paragraph 51, Plaintiff's Complaint failed to allege that any benefit was conferred upon Indriolo and Wygonik.

In addition, paragraph 52 of the Complaint alleges "All Defendants were aware and had knowledge that Cangemi was conferring this benefit upon them with the understanding that he would be compensated for his involvement by way of a commission on the sales as between the parties." Doc. #1 at 9. The use of "All Defendants" encompasses Indriolo and Wygonik and the use of the word "benefit" refers back to its use in paragraph 51.

Accepting all reasonable inferences from the Complaint and considering all of Plaintiff's allegations as true, the Court must accept that Indriolo and Wygonik are co-owners of JAI, and without any evidence to say otherwise, the only owners of JAI. Therefore, applying *State Farm Mutual Automobile Insurance Co.* to the particulars of this case, the Court is able to find that Plaintiff has the ability to name JAI without specifically naming Defendants in paragraph 51 in Claim Five for unjust enrichment. Any arguable technical flaw in Plaintiff's Complaint perceived by Defendants does not justify a dismissal because Plaintiff alleged that Defendants were co-owners, and co-owners may be accountable for benefits conferred on them in their individual capacity in certain circumstances.

Additionally, the nature of Defendants' ownership and responsibilities regarding JAI, as well as the income from Plaintiff's alleged benefit, are still disputed issues of material fact. As in *State Farm Fire & Casualty Co.*, where the individual defendant was barred from judgment as a matter of law because her ownership of the company and income were disputed issues of material fact, here, the dismissal of Plaintiff's claim is not warranted. Indriolo and Wygonik are not entitled to judgment as a matter of law on Claim Five for unjust enrichment because the extent of Indriolo and Wygonik's positions as owners and beneficiaries of any benefit conferred upon JAI are disputed issues of material fact that have yet to be determined. Therefore, using the above case law, the undersigned concludes that the allegations presented in Plaintiff's Complaint are sufficient to allege that a benefit was conferred on Indriolo and Wygonik.

### B.   Plaintiff is not required to exhaust his remedies against JAI before pursuing unjust enrichment claims against Indriolo and Wygonik

Indriolo and Wygonik next argue that Claim Five for unjust enrichment should be dismissed because Plaintiff has not exhausted all of his remedies against JAI, with whom Plaintiff claims a contractual relationship. Thus, they argue Plaintiff's claim for unjust enrichment is premature. The Court disagrees with this argument.

In support of their contention, Defendants rely on *Maloney v. Therm Alum Industries, Corp.*, which held that an unjust enrichment claim against the owner of the property was premature because the plaintiff, a subcontractor, had not exhausted his direct remedies against the general contractor. 636 So. 2d 767, 769 (Fla. 4th DCA 1994). In *Maloney*, the subcontractor filed suit and alleged that the defendant landowner had been unjustly enriched by the materials and work provided by the subcontractor. *Id.* at 768. The court stated that

if the contractor had made payment to the subcontractor in full, then the landowner would not have been unjustly enriched. *Id.* at 769. However, the court noted that they "d[id] not know . . . whether the contractor w[ould] be required to fully compensate the subcontractor" because the contractor and the subcontractor were in arbitration to determine their claims between one another. *Id.* Thus, based on the circumstances, the court held that the indirect unjust enrichment claim against the landowner was premature because the subcontractor had not exhausted his direct remedy against the contractor. *Id.* at 770.

Defendants contend that *Maloney* is applicable to the instant case (Doc. #15 at 3). Defendants argue that since Plaintiff relies solely on a theory of unjust enrichment as to Indriolo and Wygonik, with whom Plaintiff did not allege, nor can allege, any direct contractual relationship, Plaintiff must first exhaust his remedies against JAI, with whom Plaintiff alleges a direct contractual relationship. *Id.* at 4. Thus, as in *Maloney*, Defendants argue that Plaintiff's cause of action against Indriolo and Wygonik is premature and dismissal is warranted. *Id.*

Plaintiff argues in his response that Maloney is "factually distinguishable and legally irrelevant" to the instant case (Doc. #17 at 4). Plaintiff contends that "Florida law allows unjust enrichment to be pled in the alternative when the existence or validity of the contract that forms the basis of the related breach of contract claim is in dispute. *Maloney* does not purport to change that rule . . . ." *Id.* Plaintiff cites case law finding that parties may plead in the alternative unjust enrichment claims, and alternative pleading is allowed as long as there is dispute as to the existence of a contract between the parties. Id. at 5-6 (citing *Manicini Enters., Inc. v. American Exp. Co.*, 236 F.R.D. 695, 696-97 (S.D. Fla. 2006); *D.H.G. Properties, LLC v. The Ginn Companies, LLC*, 2010 WL 5584464, at *11 (M.D. Fla. Sept. 28, 2010).

Plaintiff also argues that *Maloney* is distinguishable because the instant case does not involve a contract between a contractor and a subcontractor. Rather, the instant case is a broker case in which Plaintiff alleges that he brokered a deal between Defendants and was not paid a commission. Plaintiff argues that Florida law allows brokers to file a claim for unjust enrichment. *Id.* at 6 (citing *Media Servs. Grp., Inc. v. Bay Cities Commc'ns, Inc.*, 237 F.3d 1326, 1329 (11th Cir. 2001).

Again, the Court agrees with Plaintiff, and finds that Plaintiff is permitted to plead the alternative unjust enrichment claims against Indriolo and Wygonik for relief. In *Maloney*, the validity of a contract was not in dispute, rather, the liability of an expressed contract was being determined in a separate legal proceeding. The result in *Maloney* depended on whether the subcontractor would ultimately recover from the contractor in a separate arbitration. Here, the validity of the contract between JAI and Plaintiff is in dispute, and should be resolved in the same case.

Defendants' rationale that Plaintiff must first litigate against JAI for unjust enrichment and exhaust all of Plaintiff's remedies against JAI is misplaced. Rule 8 of the Federal Rules of Civil Procedure permits alternative pleading. As United States District Judge William Terrell Hodges wrote in *Donnelly v. Circuit City Stores, Inc.*, 2007 WL 896337 (M.D. Fla. March 22, 2007),[4] "... it is well settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative," citing *Shibata v. Lim*, 133 F. Supp.2d 1311, 1316-17 (M.D. Fla. 2000). Judge Hodges noted the that a plaintiff may not recover under both

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

theories, but "both the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment . . . alternative pleading allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, perhaps, uncertainty as to whether the particular issue at hand falls within the ambit of a contract that otherwise exists between the parties." *Donelly,* 2007 WL 896337, at *3.

While a plaintiff may proceed under alternate theories of recovery, a plaintiff cannot recover under both breach of contract and unjust enrichment. *See Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072, 1074 (M.D. Fla. 1989). But presently, Plaintiff is not prohibited from pleading in the alternative an unjust enrichment claim alongside a contract claim when the existence or validity of the contract is disputed by the parties. Since both are pled in the case, judicial economy favors the issues being decided in one case.

### III.     Conclusion

Thus, having reviewed the matter and for reasons noted above, the Court **DENIES** the Motion to Dismiss on Behalf of the Defendants, Lori Indriolo, RPH and Shannon B. Wygonik (Doc. #15).

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of October, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
	and pro se parties, if any